Lin v. Holder

BIA
Cheng, IJ
A098 895 566

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand thirteen.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YOU HUA LIN,
> *Petitioner,*

v.                                        11-4787
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Anthony P.
                       Nicastro, Senior Litigation Counsel,
                       Joanna L. Watson; Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

You Hua Lin, a native and citizen of the People's Republic of China, seeks review of a October 20, 2011, decision of the BIA affirming the November 19, 2009, decision of Immigration Judge ("IJ") Mary Cheng, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Hua Lin*, No. A098 895 566 (B.I.A. Oct. 20, 2011), *aff'g* No. A098 895 566 (Immig. Ct. N.Y. City Nov. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Lin argues that he has demonstrated past persecution because of his wife's sterilization. This argument is without merit as we have previously held that a woman's

2

forced sterilization does not qualify as *per se* persecution with respect to her spouse.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 314 (2d Cir. 2007)(en banc).

Lin further argues that he demonstrated past persecution and has a well-founded fear of future persecution due to his inability to pay a 21,000 renminbi ("RMB") fine levied against him for violating China's family planning policy.

The agency did not err in finding that the 21,000 RMB fine did not constitute harm sufficient to rise to the level of persecution.  Economic harm may constitute persecution if the applicant demonstrates "severe economic disadvantage." *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170, 173 (BIA 2007) (holding that an applicant must demonstrate that the claimed economic deprivation was sufficiently severe to "constitute a threat to [his or her] life or freedom" in order for such harm to constitute persecution).  Because Lin already demonstrated an ability to pay 13,000 of the total 21,000 RMB fine, and was further able to acquire $70,000 to travel to the U.S., the agency did not err in finding that the remaining 8,000 RMB did not constitute economic harm rising to the level of persecution.  *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir. 2002).  Moreover,

3

Lin failed to meet his burden of showing a well-founded fear of future persecution because, as the agency noted, he had not indicated that the authorities had made any effort to collect the remainder of the fine. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."). Because Lin's withholding of removal and CAT claims were based on the same factual predicate, the agency did not err in finding that he had not met the burden of proof for such claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4